IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Ralph Courtney Bright, | ) | C/A No.: 1:12-1227-JFA-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Chuck Fraser, Captain; Gean Johnson, Captain; Sophia Henderson, Magistrate, | ) | |
| Defendants. | ) | |

Ralph Courtney Bright ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at Colleton County Detention Center ("CCDC").[1] Plaintiff brings this action alleging violations of 42 U.S.C. § 1983 against state magistrate judge Sophia Henderson ("Henderson") and officers Chuck Fraser ("Fraser") and Gean Johnson ("Johnson") of the Colleton County Sheriff's Department. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

---

[1] The complaint incorrectly identifies the county as "Collenton." Judicial notice is taken of the correct spelling of the county as Colleton, as reflected herein.

I. Factual and Procedural Background

In his complaint, Plaintiff alleges his conditions of confinement are unconstitutional because CCDC does not have a law library. [Entry #1]. He also alleges that Fraser failed to respond to his institutional grievances concerning his need to research his criminal case, as he has not been contacted by a public defender. Plaintiff further contends he is wrongfully imprisoned "under instruction of Captain Gean Johnson," on the grounds that he turned himself in based on a fugitive affidavit for a robbery charge, but that he was subsequently charged with burglary. He claims that he is innocent on both charges. *Id*. at 3. Plaintiff states that Johnson was not the officer investigating his case, but that the investigating officer no longer works at the Sheriff's Department.

Plaintiff next contends that "under the instruction of Magistrate Sophia Henderson," his constitutional rights were violated at his first court proceeding. Plaintiff alleges he was denied bond based on prejudice and racism because a "white guy" with armed robbery charges was given a bond, and Plaintiff was denied bond. *Id*. at 4. In addition to prejudice, Plaintiff claims defamation of character, wrongful imprisonment, stress, and mental anguish. *Id*. at 5. The complaint seeks monetary relief, as well as "the Fransis Street Element[a]ry School Building." *Id*.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Immunity

As an initial matter, the complaint alleges constitutional violations by Henderson as the judicial officer who presided over Plaintiff's bond hearing. Plaintiff's claim against Henderson is barred by the doctrine of judicial immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). South Carolina magistrate judges are part of the state's unified judicial system, *see* S.C. Const. art. V, § 1, and have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). The complaint's allegations against Henderson stem from judicial actions taken during Plaintiff's criminal proceedings. Therefore, Henderson is entitled to summary dismissal based on absolute judicial immunity.

2. Failure to State a Claim

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, (1979)). A civil action under § 1983 allows "a party

who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In as much as Plaintiff sues Fraser and Johnson as supervisors on the grounds that the alleged constitutional violations were "under instruction of" these defendants, the complaint fails to state a claim under § 1983. The doctrine of *respondeat superior*, or supervisory liability, generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see Slakan v. Porter*, 737 F.2d 368 (4th Cir. 1984) (officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization.) In as much as Plaintiff claims constitutional violations by Johnson based on the actions of

the former investigating officer in Plaintiff's criminal case, the complaint fails to state a claim. [Entry #1 at 3–4]. The complaint's allegation of actions taken "under the instruction of" the defendants, merely as supervisors of others, do not establish supervisory liability under § 1983.

Plaintiff's allegations of constitutional violations based on prison conditions fail to state a claim. The lack of access to a law library at CCDC and the failure to respond to institutional grievances do not rise to the level of deprivation of a constitutional right. The Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). In this case, Plaintiff states that he sought to research the law pertaining to his pending state criminal charges, because "he hasn't seen a lawyer (public defender) yet."[2] [Entry # 1 at 3]. Plaintiff's allegation that he has not *yet* been contacted by a public defender implies that he has been appointed counsel by the court, or at least that he expects that he will be provided counsel. *See United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978) (obligation of prison authorities to provide adequate law libraries satisfied when defendant is offered assistance of counsel). Plaintiff's allegations concerning access to a law library at CCDC fail to implicate a constitutional right.

Similarly, prisons are not constitutionally required to have a grievance system, so Plaintiff's allegations that his grievances went unanswered, fails to state a violation of a

---

[2] Plaintiff was arrested on or about March 14, 2012, in North Carolina, *see* entry # 1-1 at 6, and signed his complaint April 17, 2012, a month or less later.

constitutional right. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Further, to the extent that Plaintiff's library and grievance allegations could be construed as claiming denial of court access, they fail to state a claim for violation of the constitutional right to access the courts. *See Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions). Therefore, the complaint fails to state a cognizable § 1983 claim for the deprivation of Plaintiff's constitutional rights based on the conditions of his confinement, and these claims should be dismissed.

Plaintiff also claims wrongful imprisonment and violation of his constitutional rights at his first court appearance in his criminal proceedings.[3] Even if the complaint were liberally construed as claiming malicious prosecution, it fails to state a claim. To state a § 1983 claim based on allegations of malicious prosecution, Plaintiff must show, at least, that "defendant[s] have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in [plaintiff's] favor.'" *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir.2005) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (1996). Plaintiff does not indicate that his criminal

---

[3] To the extent the complaint could be construed as seeking this court's intervention in Plaintiff's pending state criminal proceedings based on alleged constitutional violations in the proceedings, the court should abstain. *See Younger v. Harris*, 401 U.S. 37 (1971) (a federal court should not equitably interfere with state criminal proceedings).

proceeding has terminated in his favor, therefore, his malicious prosecution claim, to the extent he asserts such a claim, should be dismissed.

      3.    State Law Claims

Although an independent basis for federal jurisdiction is lacking to consider Plaintiff's state law claims, such as defamation, 28 U.S.C. § 1367 grants district courts "supplemental" or pendant jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), if "the district court has dismissed all claims over which it has original jurisdiction." Because Plaintiff has not stated a viable claim under § 1983, the undersigned recommends all of Plaintiff's federal law claims considered in the court's original jurisdiction be summarily dismissed and that the district judge decline to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

III.    Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

July 6, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).